NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BIN ZHANG,<br><br>              Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.   16-71930<br><br>Agency No. A089-992-910<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022[**]
San Francisco, California

Before:  W. FLETCHER and BUMATAY, Circuit Judges, and SILVER,[***]
District Judge.

Bin Zhang petitions for review of a Board of Immigration Appeals ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

decision denying his applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252(a). Reviewing the BIA's adverse credibility determination for substantial evidence, *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), we deny the petition.

1. Substantial evidence supports the BIA's affirmation of the Immigration Judge's ("IJ") adverse credibility finding against Zhang. "[C]redibility determinations [are] made on the basis of the 'totality of the circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). In determining that Zhang lacked credibility, the IJ noted internal inconsistencies in Zhang's testimony and inconsistencies between Zhang's testimony and his supporting documents. The BIA reviewed the inconsistencies identified by the IJ and found no evidence of clear error. Specifically, the BIA evaluated inconsistencies relating to Zhang's claims that (1) he and his family were mistreated by the local family planning authorities in China for violating China's one child policy, and (2) he was persecuted for his Christian faith.

The record shows that Zhang was inconsistent in testifying whether his wife was on birth control when she became pregnant with their second child. Initially,

---

[1] Before the BIA and in his Opening Brief, Zhang failed to pursue his application for relief under the Convention Against Torture, and thus waived it. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

Zhang testified that his wife had been taking a birth control pill until she found out she was pregnant. But later during questioning, Zhang changed course, stating that his wife had stopped taking birth control before getting pregnant. The BIA was not required to accept Zhang's explanation for the inconsistency. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (holding that even if the petitioner's explanation of inconsistencies in her testimony was reasonable, the BIA was not compelled to accept her explanation).

Zhang next challenges the finding that he lacked credibility for failing to disclose in his asylum application that his wife was forcibly subjected to a birth control procedure after his second child was born. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (holding that a key omission from an asylum application can support an adverse credibility determination). Zhang asserts that he did not know his wife was subjected to the procedure when he submitted his application. But as the IJ and BIA noted, Zhang had an opportunity to update his application, yet he did not disclose the information until the hearing. Nor did Zhang submit any corroborating evidence that his wife had actually been subjected to the procedure. Zhang's testimony is further weakened because he claimed that he speaks with his wife every two or three days on the phone since coming to the United States, which shows that he had the opportunity to learn of the procedure and update his asylum application but failed to do so.

Zhang also challenges the finding that it was implausible that he was able to travel over 200 kilometers to Beijing for a visa interview when he was purportedly under house arrest and subject to daily surveillance by police. The "inherent plausibility of the applicant's . . . account" is enough to "base a credibility determination." *Wang*, 861 F.3d at 1008 (simplified). It was not unreasonable for the IJ and BIA to be skeptical of Zhang's account of evading police oversight to travel over 100 miles to obtain visa approval.

Zhang asserts that the BIA erred by concluding that Zhang lacked sufficient documentary evidence corroborating his claims. However, the BIA was less concerned by Zhang's lack of documentation than by the apparent inconsistencies between the documents and Zhang's testimony. For example, Zhang claimed to have been a member of the Living Water Church in the United States since 2009; however, he submitted letters from the church stating that he had been a member since either September 2011 or January 2013. When "the IJ adequately identified problems with [the petitioner's] testimony and documentary evidence, . . . we are not compelled to conclude that [the petitioner] was credible." *Id.*

2.     Zhang argues that, notwithstanding the BIA's adverse credibility finding, the documentary evidence he provided is sufficient to corroborate his claims and make him eligible for asylum. But Zhang's proffered passport and ID cards only verify his identity and do not provide evidence backing up his claims. The fine

4

receipts Zhang produced for having an unauthorized second child and for attending an illegal church in China are not determinative given the discrepancies in Zhang's testimony about his family planning and church attendance. Finally, the letters verifying Zhang's attendance at a church in China are not persuasive because the authors were not available for cross-examination. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (upholding BIA determination that corroborating documents failed to rehabilitate adverse credibility determination because the preparers were not available for cross-examination).

**PETITION DENIED.**